[Cite as *State v. Moultry*, 2017-Ohio-8654.]

STATE OF OHIO       )            IN THE COURT OF APPEALS
                          )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO                              C.A. No.      28418

      Appellee

      v.                                      APPEAL FROM JUDGMENT
                                         ENTERED IN THE
KEVIN A. MOULTRY                     COURT OF COMMON PLEAS
                                         COUNTY OF SUMMIT, OHIO
      Appellant                          CASE No.      CR 15 12 3850

DECISION AND JOURNAL ENTRY

Dated: November 22, 2017

HENSAL, Presiding Judge.

{¶1}    Kevin Moultry appeals his conviction for failure to comply with an order or signal of a police officer from the Summit County Court of Common Pleas. We affirm.

I.

{¶2}    This appeal involves a police chase that occurred in a Walmart parking lot after an officer approached Kevin Moultry about a suspected theft. According to the testimony presented at trial, an asset protection associate on duty at Walmart saw Mr. Moultry place several items into a grocery cart and then exit the store without paying for them. The asset protection associate followed Mr. Moultry out of the store and flagged down a police officer, who was driving through the Walmart parking lot at the time. The asset protection manager directed the officer to a parked SUV that Mr. Moultry had entered.

{¶3}    The officer pulled his cruiser behind the parked SUV and Mr. Moultry exited the vehicle. After patting Mr. Moultry down, the officer instructed him to stand near the cruiser

while the officer looked through the windows of the SUV. After observing several packages of food on the floor of the SUV, the officer instructed Mr. Moultry to "[c]ome here[,]" at which point Mr. Moultry began to run through the Walmart parking lot. The officer chased him on foot, instructing Mr. Moultry to stop and advising him that he would tase him.

{¶4}  Mr. Moultry ignored the officer's instruction and eventually ran back to the police cruiser and got into the driver's seat while the officer tried unsuccessfully to tase him. The officer testified that as he was reaching into the driver's side of the cruiser trying to keep the gear shifter from going into drive and "still hanging in the vehicle, [Mr. Moultry] throws it in drive, hits the gas, and slams into the back end of the [SUV] * * * that he got out of." The officer managed to put the cruiser into park or neutral, but the engine continued to rev because Mr. Moultry still had his foot on the accelerator. The officer then managed to reach over Mr. Moultry and shut the engine off. While doing so, Mr. Moultry struck the officer in the face with his fist, causing a cut to the officer's lip. Mr. Moultry then climbed over the center console, exited the cruiser, and took off running again. This time, he ran back into the Walmart store. He emerged shortly thereafter, having removed his jacket and hat, presumably to avoid detection.

{¶5}  Meanwhile, other officers had responded to the scene. Despite having removed his jacket and hat, the officer recognized Mr. Moultry as he exited the store. The officer instructed Mr. Moultry to stop, and alerted the other officers. Mr. Moultry again began to run through the parking lot, and two officers followed him in their police cruisers. The chase ultimately ended when Mr. Moultry ran in front of one of the cruisers. Mr. Moultry sustained minor injuries, including lacerations to his face and a broken finger, and was transported to a nearby hospital.

**{¶6}** A grand jury indicted Mr. Moultry on counts for: (1) robbery in violation of Revised Code Section 2911.02(A)(2); (2) failure to comply with an order or signal of a police officer in violation of Section 2921.331(B); (3) assault in violation of Section 2903.13(A); (4) obstructing official business in violation of Section 2921.31(B); (5) petty theft in violation of 2913.02(A)(1); and (6) resisting arrest in violation of Section 2921.33(B). The jury found Mr. Moultry guilty of each count, with the exception of the robbery count. The trial court sentenced Mr. Moultry to a total of 52 months of incarceration. Mr. Moultry now appeals his conviction for failure to comply with an order or signal of a police officer, raising two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECOR[]D SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST MR. MOULTRY IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

**{¶7}** In his first assignment of error, Mr. Moultry argues that the State failed to present sufficient evidence in support of his conviction for failing to comply with an order or signal of a police officer under Section 2921.331(B). We disagree.

**{¶8}** Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶9}** Section 2921.331(B), under which Mr. Moultry was convicted, provides that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." The statute further provides that "[a] violation of division (B) of this section is a felony of the third degree if the jury * * * finds * * * by proof beyond a reasonable doubt" that "[t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." Section 2921.331(C)(5)(a)(ii).

**{¶10}** In support of his position that the State presented insufficient evidence, Mr. Moultry argues that the officer never gave him a visible or audible signal to bring the police cruiser to a stop. In this regard, he argues that "the mere act of reaching into a non-moving vehicle in an effort to turn off the motor does not constitute a visible signal to stop a motor vehicle[.]" He further argues that the State failed to present sufficient evidence to establish that his actions caused a substantial risk of serious physical harm to persons or property.

**{¶11}** Mr. Moultry's arguments lack merit. In cases involving a defendant's failure to comply with an order or signal of a police officer, "[a] trier of fact may infer from the evidence whether a defendant was aware of a police officer's signal to stop." *State v. Garrard*, 170 Ohio App.3d 487, 2007-Ohio-1244, ¶ 28 (10th Dist.). Here, the officer testified that he attempted to tase Mr. Moultry as Mr. Moultry got into the driver's seat of the police cruiser, and that he struggled with him to turn the cruiser off before Mr. Moultry ultimately put it into drive and struck the SUV. After the cruiser struck the SUV, the officer put the cruiser into park or neutral, but the engine continued to rev because Mr. Moultry still had his foot on the accelerator. The

officer further testified that he was "still hanging" out of the cruiser when Mr. Moultry put it into drive, and that there were pedestrians in the immediate area.

{¶12} While the evidence does not reflect that the officer gave Mr. Moultry an audible signal to stop the cruiser, viewing the evidence presented in a light most favorable to the State, we cannot say that insufficient evidence existed to support Mr. Moultry's conviction for failing to comply with a visible signal of a police officer under Section 2921.331(B), or that insufficient evidence existed to establish that his actions caused a substantial risk of serious physical harm to persons or property. Accordingly, Mr. Moultry's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

MR. MOULTRY[']S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE * * * IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶13} In his second assignment of error, Mr. Moultry challenges the manifest weight of the evidence. A review of his argument, however, indicates that Mr. Moultry's challenge to the manifest weight of the evidence is essentially a reiteration of his challenge to the sufficiency of the evidence. Despite citing the standard of review applicable to a challenge to the manifest weight of the evidence, Mr. Moultry's merit brief does not develop an argument in that regard. To the extent that an argument exists, it is not this Court's duty to root it out. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 Ohio App. LEXIS 2028, *22, citing App.R. 12(A)(2) and App.R. 16(A)(7). Accordingly, Mr. Moultry's second assignment of error is overruled.

III.

{¶14} Kevin Moultry's assignments of error are overruled. The Judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, J.
DISSENTING.

{¶15} I respectfully dissent as I would sustain Moultry's assignment of error as it pertains to his conviction for failing to comply with an order or signal of a police officer. There is no dispute that the officer shouted at Moultry to "stop" during the initial foot chase in the

parking lot. The officer again ordered Moultry to stop during the second chase that occurred after Moultry had reentered and exited Walmart. Significantly, however, Moultry was charged with "operat[ing] a motor vehicle so as willfully elude or flee a police officer after receiving a visible or audible signal from a police officer *to bring the person's motor vehicle to a stop*." (Emphasis added.) R.C. 2921.331(B). Here, there is no evidence that the officer gave Moultry a visible or audible signal during the brief period of time when Moultry was in the police cruiser. While the officer unsuccessfully attempted to tase Moultry and then engaged in a physical struggle to prevent Moultry from taking the police cruiser, there is no evidence that the officer issued an order or signal at that time. Under these circumstances, I would conclude that the evidence was insufficient to convict Moultry of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B). Such conduct may be evidence of other charges such as grand theft of a motor vehicle but not failure to comply with an order or signal of a police officer.

APPEARANCES:

DAVID G. LOMBARDI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.